**UNITED STATES of America,**

v.

**Acy LENNON, Defendant.**

United States District Court
S. D. New York.
Feb. 8, 1957.

Paul W. Williams, U. S. Atty., Southern Dist. of New York, New York City, for United States, Thomas A. Bolan, Asst. U. S. Atty., New York City, of counsel.

Leonard Feldman, New York City, for defendant.

DAWSON, District Judge.

On October 19, 1956, Acy Lennon was convicted, after trial, of four counts of income tax evasion. An appeal was taken by the defendant to the Court of Appeals.

Subsequently, this motion was filed seeking to set aside the judgment of conviction on the alleged ground that the indictment was defective in that the Grand Jury heard no evidence which would be the proper basis for an indictment. In support of the motion only the affidavit of defendant's attorney was submitted. He related attending a meeting in regard to another matter and that it developed at this meeting that one of the persons present had been a member of the Grand Jury which returned the indictment upon which Lennon was convicted. The affidavit then stated that as a consequence of the discussion, it developed that three vital witnesses did not appear before the Grand Jury. The three people in question were the Government's principal

---

trial witnesses. Accordingly, it was urged on behalf of the defendant that insufficient evidence had been presented to the Grand Jury.

■■ The propriety of an attorney discussing with a grand juror the proceedings before the Grand Jury is, of course, open to serious question. However, on the basis of defendant's motion papers, a hearing was held by the Court to give the defendant an opportunity to present any evidence to support his motion. Defendant failed to call the grand juror with whom the conversation was allegedly held. Neither were two other persons allegedly present called. The sole witness in support of the motion was defendant's attorney. His testimony reiterated the facts alleged in his moving papers and also named the grand juror and the two other persons at the meeting.

The Fifth Amendment provides that a federal prosecution for a capital or otherwise infamous crime must be initiated by a presentment or indictment by a Grand Jury. Accordingly, defendant contends that there must be some evidence before the Grand Jury on each count and that otherwise the indictment is invalid. Following the hearing on defendant's motion, the Court *in camera* inspected a transcript of the testimony before the Grand Jury. Cf. Fed.Rules Crim.Proc. rule 6, 18 U.S.C.A. This examination reveals that the indictment is supported by the testimony of a Special Agent of the Internal Revenue Service. Though much that he related was hearsay, it was not without probative value, particularly as it was based upon his own investigation. As to each count there was evidence which was rationally persuasive of the crime charged and provided a substantial basis for the indictment. The fact that the evidence was, to a substantial degree, hearsay, does not invalidate the indictment. Costello v. United States, 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

The Court denies the motion to set aside the judgment of conviction. So ordered.